IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CASTROVINCI, <br> SUSAN M. McGINLEY, Ed.D., <br> JAMES L. POKRIVSAK, JR., <br> DAWN REAGLE, <br>       Plaintiffs <br><br> v. <br><br> EASTON AREA SCHOOL DISTRICT, *et al.*, <br>       Defendants. | <br><br><br><br><br><br><br> CASE NO.: 5: 15-CV-02980-JLS <br><br> *Electronically Filed* |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS FIRST AMENDMENT RETALIATION CAUSE OF ACTION AGAINST EACH OF THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

Defendants, by and through his undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, file this Reply Brief in Support of their Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). Upon consideration thereof, in conjunction with their previously-filed motion and brief, Defendants respectfully request that this Honorable Court grant the motion and dismiss the Complaint against Defendants. In the alternative, Defendants request that the First Amendment Retaliation cause of action against the individual Defendants, in their official capacities, be dismissed.

*Reply Argument*

Despite the certitude with which Plaintiffs' arguments in opposition to Defendants' motion to dismiss are presented to this Court, the flaws of the Complaint remain.[1] Nothing stated in Plaintiffs' brief, even if it could remedy the defects in their Complaint, *See*,

---

[1] Although, within their motion to dismiss, Defendants have not sought to challenge that the Plaintiffs have sufficiently pleaded that they spoke as citizens on matters of public concern, or challenged certain aspects of Plaintiffs' *Monell* claim against the Easton Area School District, Defendants reserve the right to challenge these aspects of Plaintiffs' case in the future.

1

*Commonwealth of Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)(quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F. 2d 1101, 1107 (7th Cir. 1984)(the Third Circuit stated "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."), changes the conclusion that the Plaintiffs' claim for First Amendment retaliation should be dismissed.  Nonetheless, in particular, the subjects which Plaintiffs' brief fails to address are noteworthy and will be briefly pointed out.

Initially, Plaintiffs do not address that "'[w]here a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction or adverse regulatory action will imminently follow, such speech does not adversely affect [one's] First Amendment rights, even if defamatory.'" *Municipal Revenue Services, Inc. v. McBlain*, 347 Fed. Appx. 817, 825 (3d Cir. 2009)(quoting *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 687 (3d Cir. 2000)).  As detailed more specifically in Defendants' brief, with regard to the Plaintiffs and the alleged retaliatory speech against them, no such threat, coercion or intimidation is sufficiently alleged by Plaintiffs.  Nothing other than conclusory averments are provided.  No threat of *imminent* punishment is alleged.[2]  No retaliation in the nature of speech has been sufficiently pleaded.[3]

---

[2] Plaintiffs rely upon an averment that Defendant, Frank Pintabone, allegedly told Plaintiff, Susan M. McGinley, Ed.D., that "we are going to get a superintendent that does what we want them to."  Not only does this alleged statement not constitute an "imminent threat," but it overlooks Plaintiffs' other averment regarding Plaintiff McGinley, that undercuts any claim that her speech was a substantial or motivating factor of the alleged retaliatory acts of Defendants: "[p]rior to her involvement in the Drago matter, the school board had decided that it would not renew Dr. McGinley's contract as Superintendent for EASD, which was set to expire in June 2013." *Complaint*, at ¶ 58.  Therefore, according to Plaintiffs, themselves, any assignment of Plaintiff McGinley to a new position had nothing to do with her alleged speech/conduct and should not prevent dismissal of her claims. *See*, *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)(a First Amendment retaliation claim requires that the plaintiff show his protected speech was a substantial or motivating factor in the alleged retaliatory action).  Moreover, no averment of the Complaint alleges that the alleged statement was a statement by the Board (the entity who might

Additionally, Plaintiffs overlook that they must plead more than the possibility of relief to survive a motion to dismiss, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009),[4] and that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Therefore, for instance, Plaintiff's reliance on paragraphs 8, 40 and 89 of the Complaint, *See, Plaintiff's Brief in Opposition to Motion to Dismiss*, at p. 13, do not salvage their case. *See also e.g.*, *Complaint*, at ¶¶ 54, 61, 69, 73, 75, 77, 86 (also conclusory averments). This is not a "parsimonious" reading of the Complaint, but a reading applying the benchmark standard for determining the legal sufficiency of a complaint.

Finally, Plaintiffs completely ignore Defendants' argument that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)(citations omitted). *See also*, *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003)(finding that the named defendants could not be held responsible for conduct that was unattributable to them); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997)(a

---

have such authority), or by any of the other Defendants in this case, whose personal involvement in any alleged wrong, as described *infra*, must be alleged by Plaintiffs.

[3] Even Plaintiffs' citation to stray statements allegedly made by Defendant, Frank Pintabone, at an executive session of the Easton Area School Board, to "fire them all" or that Plaintiff, John Castrovinci, should "go file your lawsuit," *See, Plaintiff's Brief in Opposition to Motion to Dismiss*, at p. 13, were not threats that punishment would imminently follow. Yet, even if they were, they were not statements by the Board (the entity who might have such authority to fire), and were not statements by any of the other Defendants in this case, whose personal involvement in any alleged wrong, as described *infra*, must be alleged by Plaintiffs.

[4] At most, the grand jury report indicates that it was possible that retaliation occurred here, but does not specifically identify the parties who may have engaged in such alleged retaliation or against whom the retaliation was allegedly taken. *See*, *Complaint*, at ¶ 48, *Exhibit "A,"* at p. 55 (not discounting "possibility" that retaliation may have occurred). The report does not raise Plaintiffs' right to relief above the speculative level, as required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

defendant in a Section 1983 action must have personal involvement in the alleged wrongs – i.e., actual knowledge and acquiescence).  If this Court believes that Plaintiffs have adequately alleged retaliatory conduct and causation, Plaintiffs' Complaint against the individual Defendants still fails because the Complaint does not allege personal involvement of the individual Defendants in the behavior alleged.

The Plaintiffs merely generally refer to the "EASD" or the "EASD board" as the entities responsible for any demotions, salary freezes and/or job-related conduct. *See*, *Complaint*, at ¶¶ 58, 67, 84.  Plaintiffs merely allege and attribute sporadic statements/criticisms relating to the Plaintiffs to certain of the Defendants (attributing many to the EASD or EASD board), but nothing in an amount or nature that could possibly support a finding of substantial, retaliatory, rather than *de minimis* conduct. *See*, *Complaint*, at ¶¶ 55-57, 60, 65-66, 74-75, 85.  Consequently, for this reason alone, the Complaint against the individual Defendants should be dismissed.

### *Conclusion*

For all the foregoing reasons stated herein and in their previously-filed motion to dismiss papers, Defendants request that the Complaint against Defendants must be dismissed.

>
> Respectfully submitted,
> MARSHALL DENNEHEY WARNER
> COLEMAN & GOGGIN
> *Attorney for Defendants*

By:    *s/Sharon M. O'Donnell*
       Sharon M. O'Donnell
       Pennsylvania Bar I.D. No.: 75924
       100 Corporate Center Drive, Suite 201
       Camp Hill, PA  17011
       Ph: (717) 651-3705
       Fax: (717) 651-3707
       Email: smodonnell@mdwcg.com

                By:     *s/Thomas A. Specht*
                         Thomas A. Specht
                         Pennsylvania I.D.No.: 78686
                         P.O. Box 3118
                         Scranton, PA 18505-3118
                         Ph: (570) 496-4600
                         Fax: (570) 496-0567
                         Email: taspecht@mdwcg.com

Date: September 15, 2015

## **CERTIFICATE OF SERVICE**

      I, Sharon M. O'Donnell, of Marshall Dennehey Warner Coleman and Goggin, do hereby certify that I served a true and accurate copy of the foregoing document via electronic filing on the below date as follows:

*Attorney for Plaintiffs*:
Harold I. Goodman, Esquire
Amber M. Racine, Esquire
Raynes McCarty
1845 Walnut Street
20th Floor
Philadelphia, PA 19103
Ph: (215) 568-6190
Email:  higoodman@raynesmccarty.com
         amracine@raynesmccarty.com

                              MARSHALL DENNEHEY WARNER
                              COLEMAN & GOGGIN
                              *Attorneys for Defendants*

                   By:    */s/ Sharon M. O'Donnell*
                              Sharon M. O'Donnell
                              Pennsylvania I.D.No.: 79457
                              100 Corporate Center Drive
                              Suite 201
                              Camp Hill, PA 17011
                              Ph: (717) 651-3705
                              Fax: (717) 651-3707
                              smodonnell@mdwcg.com

Dated: September 15, 2015